BEAM, Circuit Judge,
concurring and dissenting.
I would affirm on all issues. In my view, there is insufficient evidence that Miners could reasonably have foreseen the probability of a patron receiving a frostbit *815 ten fingertip in the manner alleged by the appellants. The deposition testimony set forth by the court, ante at 813-14, simply states the unremarkable proposition that the store manager acknowledges that if you hold a finger against a freezer wall (or against a frost build-up upon a freezer wall for that matter) you may experience frostbite. That is clearly not what is purported to have happened here.
The court also discusses at length the inferences that can be drawn from the happening of a “first time accident.” The cases cited are simply inapposite given the facts of this ease. The unrefuted evidence available to the trial court was that there are thousands of this freezer type in use for “decades” without the occurrence of a similar accident.[3]
The trial court was correct in its rulings. Accordingly, I dissent from that portion of the court’s opinion that remands the case for a trial.

. The evidence established that this manufacturer alone has sold between 42,000 and 70,-000 of this exact model freezer since 1985 without a single reported incident of a hand or finger sticking to the wall as alleged in this case and that the manufacturer was not aware of any report of a similar incident in the entire commercial refrigeration industry. The district court found that there was no "evidence indicating that [Miner’s] knew or should have known” of a frostbite danger. Giles v. Miners, Incorporated, No. 4-97-CV-90488, slip op. at 15 (S.D.lowa, May 11, 1999). I agree with this finding.